## Commonwealth *vs.* Rami Wanis & others[1]
## (and a companion case).

Suffolk. December 9, 1997. - February 5, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Practice, Criminal,* Disclosure of evidence, Discovery, Access to witnesses. *Police,* Records. *Public Records. Rules of Criminal Procedure.*

A prosecutor in a criminal case, who does not have access to the records of a police department's internal affairs division, is not properly subject to a defendant's motion under Mass. R. Crim. P. 14 (a) (1) for the production of those records. [643]

A criminal defendant may move under Mass. R. Crim. P. 17, seeking a subpoena for the production of documents and other objects by the keeper of the records of a police department's internal affairs division, and no special showing of relevance or need is required for the production of statements therein of percipient witnesses to events occurring at the time of the alleged crime or crimes and the defendant's arrest. [643-644]

Where a judge has issued a subpoena pursuant to a criminal defendant's motion under Mass. R. Crim. P. 17, for records of a police department's internal affairs division other than the statements of percipient witnesses to events occurring at the time of the alleged crime or crimes and the defendant's arrest, and pursuant to the defendant's demonstration of a good faith, specific and reasonable basis for believing that the records sought will contain exculpatory material of benefit to the defense, if the internal affairs division has moved to quash or modify the subpoena and demonstrates a good reason to deny production, the judge may conduct an in camera review of the records before making a determination. [644-645]

Criminal defendants were entitled to production of the records of a police department's internal affairs division that contained statements of percipient witnesses to events occurring at the time of the alleged crimes and the defendants' arrests. [645-646]

Civil actions commenced in the Supreme Judicial Court for the county of Suffolk on September 17, 1997, and September 19, 1997, respectively.

The cases were reported by *Ireland,* J.

*Susan M. Prosnitz* for the Boston Police Department.

---

[1]Filipe Monteiro and Louis J. Gordon.

*John P. Zanini*, Assistant District Attorney, for the plaintiff.

*Eva S. Nilsen* for Louis J. Gordon. .

*Connie Karassas*, for Rami Wanis, & *Jeffrey Travaline*, for Filipe Monteiro, were present but did not argue.

The following submitted briefs for amici curiae:

*Carol A. Donovan & John F. Palmer* for Committee for Public Counsel Services & another.

*Scott Harshbarger*, Attorney General, & *William J. Meade*, Assistant Attorney General, for the Attorney General.

WILKINS, C.J. This is the first of two cases we decide today concerning the right of a criminal defendant to obtain an order requiring the production of records of the internal affairs division of a police department. See *Commonwealth* v. *Rodriguez*, *post* 647 (1998). The defendants were arrested and charged with certain crimes arising out of the same incident. One defendant filed a complaint with the Boston police department against one of the police officers who arrested him. The police department's internal affairs division took statements from percipient witnesses. The defendants seek discovery of those statements. We conclude that an order to produce such statements is generally appropriate in criminal cases and specifically so in the cases before us.

The record contains neither a statement of agreed facts nor an answer to the complaints, but the parties appear to agree that the criminal charges are based on events substantially as alleged in the complaint of the Boston police department, filed pursuant to G. L. c. 211, § 3, with a single justice of this court. On the evening of February 6, 1997, Officer Lamattina of the Boston police department was performing a paid detail, while dressed in full uniform, at the intersection of State and Commercial Streets near Faneuil Hall. At approximately midnight, Lamattina saw three men passing through an area that was secured by yellow police tape for safety reasons. When Lamattina told these men that the area had been blocked off for their safety and asked them to walk around it, one of the men raised a cane above his head in a threatening manner. As Lamattina attempted to subdue this man, another man reached into the pocket of his leather jacket, while the third attempted to intervene on behalf of the other two. Fearing for his safety, Lamattina removed his service revolver from its holster and ordered all three men to stand against a wall. Back-up officers arrived, and the men were

arrested on one or more of the following charges: assault and battery by means of a dangerous weapon, assault and battery on a police officer, resisting arrest, and being a disorderly person. Four days later, one of the defendants filed a complaint against Lamattina with the Boston police department.

Subsequently, counsel for two of the defendants moved for the production of evidence from the records of the police department and of the Commonwealth. On August 13, 1997, a judge of the Boston Municipal Court Department, after permitting the police department to argue its position, entered an order requiring that each defendant "receive all statements relating to this case by police, other witnesses and co-defendants in the custody of the Commonwealth including police department."[2] The parties seem to agree that the order concerns only statements of witnesses to the incident that led to the charges against the defendants, and does not concern matters related only to the complaint against the police officer. The order thus requires the production of statements of percipient witnesses obtained during the ongoing investigation conducted by the internal affairs division of the Boston police department.

The Boston police department and the Commonwealth then separately filed complaints with a single justice of this court, pursuant to G. L. c. 211, § 3, seeking relief from the interlocutory orders. The single justice reserved and reported the two cases to the full court on a record consisting of the complaints and the defendants' oppositions.

The police department's petition for relief relied solely on a claim that internal affairs records are exempt from disclosure as public records. The police department argues that the materials subject to the order are (1) "investigatory materials," which G. L. c. 4, § 7, Twenty-sixth (*f*), exempts from disclosure and (2) materials relating to a person, "the disclosure of which may constitute an unwarranted invasion of personal privacy," which G. L. c. 4, § 7, Twenty-sixth (*c*), exempts from disclosure. The police department argues that the defendants' right to disclosure, therefore, must be decided by the balancing of interests prescribed in *Commonwealth* v. *Fuller*, 423 Mass. 216, 225-227

---

[2]The orders, not quite in identical words, appear on the docket sheets of the three cases and nowhere else. In quoting one of the orders, we have eliminated abbreviations and various capital letters.

(1996), which concerned a defendant's right of access to evidence protected by a statutory privilege.[3]

The Commonwealth's petition under G. L. c. 211, § 3, challenged the production order on the additional ground that it had neither possession nor control of the documents, and that hence they were not documents of an exculpatory nature that Mass. R. Crim. P. 14, 378 Mass. 874 (1979), requires the prosecution to produce. The Commonwealth also contended that a judge, in deciding whether to order production of records of an internal affairs division of a police department, should apply the standards stated in *Commonwealth* v. *Fuller, supra,* and asserted that the defendants had failed to meet those standards. The Commonwealth argues before us that it, not a judge, should decide whether the records of an internal affairs division contain information that must be disclosed in response to a motion to produce.

1. A defendant's right of access to information gathered by an internal affairs division does not turn on whether the investigatory materials are or are not subject to disclosure as public records. See G. L. c. 66, § 10, generally requiring disclosure of public records, and G. L. c. 4, § 7, Twenty-sixth, providing certain exemptions. Even if the custodian of internal affairs documents could meet the statutory burden (G. L. c. 66, § 10 [c]) of showing with specificity that an exemption applies, a criminal defendant may nevertheless have a right to obtain such documents. In *Bougas* v. *Chief of Police of Lexington,* 371 Mass. 59, 64 (1976),. we stated that, if a defendant wants information not available as a public record, "such discovery should follow normal procedures in criminal cases where its availability lies in the discretion of the trial judge under standards developed by this court."

The defendants do not argue that the subject records are public records under G. L. c. 4, § 7, Twenty-sixth. Thus, the applicability of statutory exemptions is not in issue here, as they

---

[3]Neither the police department nor the Commonwealth argues that a common-law privilege exists, or should be created, to protect from disclosure internal affairs division information obtained from percipient witnesses to the conduct alleged to be criminal. The defendants use the word "privilege" only in the sense that they consider the statutory exemptions of the public records law to be similar to privileges. "We have been especially reluctant to create new privileges on the basis of speculation or conjecture as to the harms which may result from our failure to do so." *Babets* v. *Secretary of Human Servs.,* 403 Mass. 230, 238 (1988).

were in *Globe Newspaper Co.* v. *Police Comm'r of Boston,* 419 Mass. 852, 858-859 (1995), and *WBZ-TV4* v. *District Attorney for the Suffolk Dist.,* 408 Mass. 595, 603 (1990). The defendants are correct in arguing that the fact that material is not a public record does not answer the question of the defendants' right of access to information in the hands of a police department's internal affairs division. See *Boston Police Superior Officers Fed'n* v. *Boston,* 414 Mass. 458, 466-467 (1993); *Bougas* v. *Chief of Police of Lexington, supra; Town Crier, Inc.* v. *Chief of Police of Weston,* 361 Mass. 682, 691 (1972).

2. The Commonwealth should not have been subjected to an order to produce documents from the police department's internal affairs division. There has been no showing that the prosecutor had access to these materials, or that the police department was obliged to provide its investigative files to the prosecution. Rule 14 (a) (1) of the Massachusetts Rules of Criminal Procedure, requires, among other things, that, on motion, the prosecution must disclose "any facts of an exculpatory nature within the possession, custody, or control of the prosecutor." The rule reaches police officers who are participants in the investigation and presentation of the case and police officers who regularly report to the prosecutor or did so in reference to a given case. See *Commonwealth* v. *Daye,* 411 Mass. 719, 734 (1992); *Commonwealth* v. *St. Germain,* 381 Mass. 256, 261-262 n.8 (1980); *Commonwealth* v. *Campbell,* 378 Mass. 680, 702 (1979). Therefore, the orders in so far as they directed the prosecution to produce the records of the internal affairs division cannot stand.

3. The Commonwealth and the police department rightly acknowledge that a defendant has constitutional rights with respect to the statements of persons who were witnesses to an alleged crime which are in the government's possession. See *Brady* v. *Maryland,* 373 U.S. 83, 87 (1963); *Commonwealth* v. *Tucceri,* 412 Mass. 401, 404-407 (1992). The Commonwealth argues that the prosecutor should be ordered to review such statements and then disclose any material and exculpatory statements. The Commonwealth urges us not to adopt the alternative that a judge conduct an in camera review of the material.

We reject any suggestion that all records of an internal affairs division investigation, even if arguably relevant and material, are to be produced automatically in response to a defendant's motion under rule 14 or Mass. R. Crim. P. 17, 378 Mass. 885

(1979). We also reject the Commonwealth's position that no such information need be produced until either (a) the prosecution has reviewed the documents or (b) a judge has conducted a judicial in camera review of them and, in each situation, has found exculpatory evidence. We conclude that, on motion pursuant to rule 17, a judge should normally issue a subpoena to the internal affairs division of a police department directing it to produce any statements of percipient witnesses. No special showing of relevance or need is required for the production of statements of percipient witnesses. It is, of course, true that a defendant, as in the two cases decided today, may cause an investigation to be conducted, but that is not an adequate reason for declining to order production of internal affairs records.[4] As to percipient witnesses, whose statements are plainly relevant and may be exculpatory (at least for impeachment), we see no reason generally to protect their statements from disclosure, although in a specific case the police department may be able to demonstrate that there is a good reason for nondisclosure of some or all of a witness's statement. See, e.g., *Commonwealth* v. *Hernandez*, 421 Mass. 272, 274 (1995) (surveillance location privilege); *Commonwealth* v. *Lugo*, 406 Mass. 565, 570 (1990) (informer's privilege).

If a prosecutor has possession or control of the records of an investigation by an internal affairs division of a police department with respect to a particular matter, the prosecutor must review that material in response to a rule 14 motion for the production of exculpatory facts. If the prosecutor does not have possession, custody, or control of such material, as we have said, a defendant may obtain the statements of percipient witnesses by use of a rule 17 motion.

What we have said disposes of the issues we must decide. We add the following as a guide with respect to internal affairs division records not involved in this case. A defendant may not obtain information in the possession of an internal affairs division, other than statements of percipient witnesses, without seeking a summons for the production of that information and, if production is opposed, without making a showing to a judge (normally by affidavit) that there is a specific, good faith reason

---

[4]There must, of course, be a showing that such an investigation is warranted. Perhaps regulations concerning internal affairs investigations should require that, when an investigation is requested, a defendant must file a personal affidavit setting forth his factual claims.

for believing that the information is relevant to a material issue in the criminal proceedings and could be of real benefit to the defense. Such a standard meets constitutional requirements. See *Commonwealth* v. *Fuller*, 423 Mass. 216, 226-227 (1996). Personal information about a police officer, his or her previous conduct, and the conclusions of those conducting an internal affairs investigation, for example, should be disclosed only on such a showing.

An internal affairs division investigation of police misconduct often requires the cooperation of people, police officers and civilians, who may be reluctant to provide information against a police officer. Although no promise of complete confidentiality should be given, an assurance that such information will not be disclosed except on a court order may reassure a person providing a statement. A percipient witness, of course, should recognize that he or she may well be called as a witness and that his or her statements cannot be wholly confidential. An understanding that certain information is to be made available only in special circumstances can help preserve the integrity of the investigation and the morale of the police. A judge who has been provided with both (a) a good faith, specific, and reasonable basis for believing that the records of an internal affairs investigation (beyond statements of percipient witnesses) will contain exculpatory evidence that is relevant and material to the issue of a defendant's guilt and (b) good reason to deny production of the records, may elect to conduct an in camera review of the records before deciding what records, if any, should be disclosed. Within constitutional limits and in accord with the standards that we have set forth, the decision whether to order production of records of an internal affairs division lies in the discretion of the trial judge.

4. A judgment shall be entered in the county court that the order for production, dated August 13, 1997, entered in each case shall be vacated and a new order shall be entered stating that the Commonwealth shall comply with the requirements of Mass. R. Crim. P. 14 and that "the Boston police department shall produce all statements in its possession or control received from percipient witnesses (police, codefendants, and others) concerning circumstances relating to the crime or crimes allegedly committed by the defendant" at a reasonable time and

place unless prior thereto copies of such statements are delivered to the defendant.

*So ordered.*