## COMMONWEALTH *vs.* ARNALDO RODRIGUEZ.

Suffolk. December 9, 1997. - February 5, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Disclosure of evidence, Discovery, Access to witnesses. *Police,* Records. *Public Records. Rules of Criminal Procedure.*

Statement of this court's holding in *Commonwealth* v. *Wanis,* 426 Mass. 639 (1998). [648]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 19, 1997.

The case was reported by *Greaney,* J.

*Sandra L. Hautanen,* Assistant District Attorney, for the plaintiff.

*Hector E. Pineiro* for the defendant.

The following submitted briefs for amici curiae:

*David M. Moore,* City Solicitor, *& Elizabeth M. Sanning,* Assistant City Solicitor, for the city of Worcester.

*Carol A. Donovan & John F. Palmer* for Committee for Public Counsel Services & another.

*Scott Harshbarger,* Attorney General, *& William J. Meade,* Assistant Attorney General, for the Attorney General.

WILKINS, C.J. This is the second case we decide today concerning the right of a criminal defendant to require the production of records of a police department's internal affairs division. See *Commonwealth* v. *Wanis, ante* 639 (1998).

In our *Wanis* opinion, we held that (1) material exempted from disclosure pursuant to the public records law is not automatically privileged from discovery if a criminal defendant moves for its production; (2) a prosecutor who does not have access to the records of an internal affairs division is not properly subject to a motion under Mass. R. Crim. P. 14, 378 Mass. 874 (1979), for the production of these records; (3) a pretrial motion may be filed under Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979), seeking a summons for the production of documents and other objects by the keeper of the records of an internal affairs division; (4) the internal affairs division can move to quash or modify such a subpoena, thereby placing before a judge the lawfulness of the command to produce and other issues, such as its reasonableness and whether, balancing policy considerations against a defendant's right of confrontation, the subpoena should be honored, restricted or modified in some way, or quashed; and (5) in the circumstances of that case, the internal affairs division should produce statements received by it from percipient witnesses (including police officers) to events occurring at the time of the alleged crime or crimes and the defendant's arrest. Because the *Wanis* case involved a request only for the production of statements of percipient witnesses, we did not have to decide what procedure applies to other records of an internal affairs division, but indicated that to obtain such other records a criminal defendant must establish that there is a good faith, specific, and reasonable basis for believing that any such record contains exculpatory evidence that might be a real benefit to the defense.

This case, which is here on a reservation and report by a single justice of this court, raises substantially the same issues, and we need not discuss them at length. Here, as in the *Wanis* case, the judge erred in ordering discovery pursuant to rule 14 of records of the internal affairs division of a police department against a prosecutor who did not have possession, custody, or control of any of the requested information.

The Commonwealth sought relief, pursuant to G. L. c. 211, § 3, from the order of production. In his reservation and report of the issues raised by the complaint, the judge summarized the circumstances, quite similar to those of the *Wanis* case, that led to the issuance of the May 30, 1997, order to produce that is challenged in this case. "The controversy stems from the defendant's pending criminal prosecution on charges alleging

assault and battery (domestic), three counts of assault and battery on police officers, and one count of being a disorderly person. The defendant claims that the three arresting police officers assaulted him with dangerous weapons and violated his civil rights. The defendant filed a 'Request for Internal Affairs Investigation' with the Worcester Police Department, asserting numerous grounds of police misconduct. An investigation has been conducted, and the defendant seeks to obtain disclosure of documents compiled in the course of the internal affairs inquiry." (Footnote omitted.) He added that, "despite the fact that visible injuries were noted on the defendant's booking sheet, and he was transported to a hospital for treatment, in a subsequent hearing, no police officer remembered seeing any injuries on the defendant. . . . The statements of the police officers [to the internal affairs division] may be relevant if [the defendant] asserts a defense of self defense."

The portion of the May 30, 1997, order to produce applicable to the issues reported to us provides that "[s]tatements of percipient civilian and police witnesses, if any, contained within the [internal affairs division] records and pertaining to the circumstances surrounding the arrest, detention and arraignment of the defendant from July 7, 1995 through July 10, 1995, shall be furnished by the City of Worcester to the court on or before June 16, 1997 for an *in camera* review." The motion judge concluded in an accompanying memorandum that the disclosure of such statements would not be unduly prejudicial and that neither "the encouragement of citizen cooperation or the promotion of candor on the part of police officers would be significantly compromised in this instance."

The offenses are alleged to have occurred on July 7, 1995. We know from findings made by another District Court judge in an earlier aspect of the criminal proceedings that, on July 7, 1995, the police responded to a domestic violence complaint arising out of a fight that the defendant had with his sister. The defendant is charged with assault and battery on his sister and assault and battery on the police officers who sought to arrest him. He claims police brutality in the arrest. Based on our conclusions in the *Wanis* case, the defendant is entitled to obtain statements that the Worcester police department's internal affairs division obtained from percipient witnesses, including the alleged victims.

It is unclear why the challenged order refers to events occur-

ring after the defendant's arrest on July 7, such as his detention until the morning of July 8, and his arraignment on July 10. The defendant has not shown, pursuant to the standards ·we established in our *Wanis* opinion, that events after the commission of the alleged crimes are either relevant to, or likely to be helpful in resolving, the question of his guilt. The defendant has thus failed to demonstrate any basis for the production of statements concerning postarrest events.

A judgment shall be entered in the county court vacating that portion of the District Court order of May 30, 1997, concerning the production and in camera review of statements of percipient civilian and police witnesses (i.e., paragraphs two and three), and directing that a new order shall be entered, pursuant to Mass. R. Crim. P. 17, ordering the keeper of the records of the internal affairs division of the Worcester police department to produce all statements in its possession by percipient witnesses concerning circumstances relating to the crimes allegedly committed by Arnaldo Rodriguez on July 7, 1995, at a reasonable time and place, unless prior thereto copies of such statements are delivered to the defendant. If the defendant seeks additional information from the internal affairs division, he must file a new rule 17 motion and meet the standards for allowance of such a motion that are set forth in *Commonwealth* v. *Wanis, supra* at 644-645.

*So ordered.*