# RESCRIPT OPINIONS.

GARY LOMBARD *vs.* COMMONWEALTH. March 4, 1998. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Dismissal, Disclosure of evidence, Discovery. *Police,* Records.

Gary Lombard (petitioner) appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court. The petitioner had asked that the denial of his motion to dismiss and of his motion to produce be vacated. We affirm so much of the judgment in the county court as pertains to the motion to dismiss, and we vacate the portion which encompasses the motion to produce and remand that portion to the county court.

As to his motion to dismiss, the petitioner has not set forth, as rule 2:21 (2) requires, "the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner states that following the dismissal of a complaint for operating while under the influence, a second complaint for that offense was lodged against him, over his objection. He now argues that the first dismissal was with prejudice, and that the second complaint violates double jeopardy principles. We do not reach that issue because it is not part of the basis of the motion to dismiss or of the supporting memorandum; nor is it raised in the petition for relief under G. L. c. 211, § 3, or in the accompanying memorandum. Generally, the denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13, 378 Mass. 871 (1979), is not appealable by a defendant until after trial. *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83 (1991). The petitioner has not appropriately presented a reason for diverging from that requirement in this instance.

The petitioner next argues, with respect to the "denial of the discovery," that certain records which he sought must be made part of the record at trial, and that relief on appeal would not be effective. He had sought and been denied a subpoena of certain police department internal affairs material. At the time that the trial judge denied the request and when the single justice acted on the petition for relief, we had not issued our opinions in *Commonwealth* v. *Rodriguez,* 426 Mass. 647 (1998), and *Commonwealth* v. *Wanis,* 426 Mass. 639 (1998), concerning access by criminal defendants to certain records of a police department's internal affairs division. The petitioner had sought an order from the single justice similar to one entered in *Rodriguez,* and this appeal was before us while the *Rodriguez* and *Wanis* appeals were pending. In these circumstances we choose to authorize the petitioner to present, if he has not yet done so, to the trial judge a motion revised in light of the *Rodriguez* and *Wanis* opinions.

We affirm that portion of the judgment in the county court which pertains to the motion to dismiss, and we vacate that portion which encompasses the motion to produce and remand that portion to the county court for the entry of an order remanding it to the trial court for further proceedings.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John A. Bosk* for the petitioner.