Gants, J.
The plaintiffs, John Disangro, Jr. and Alan Quaglieri, have brought an eminent domain action against the defendant Commonwealth of Massachusetts regarding the taking of their property for state highway construction. During discovery, the plaintiffs have asked for information “with respect to each appraisal ever done by or on behalf of the Commonwealth with respect to the fair market value of all or any part of the” property taken, and “(a]ll documents which the Commonwealth or any person acting on its behalf relied upon in determining the fair market value of the” property. The Commonwealth has objected to these discovery requests, claiming that pretaking real property appraisals are protected from disclosure under G.L.c. 4, §7(26)(I). The plaintiffs now seek to compel disclosure of these appraisals. For the reasons stated below, the plaintiffs’ motion to compel is DENIED.
G.L.c. 4, §7(26)(I) provides that “appraisals of real property acquired or to be acquired [are excluded from the definition of‘public records’] until (1) a final agreement is entered into; or (2) any litigation relative to such appraisal has been terminated; or (3) the time within which to commence such litigation has expired.” Since these appraisals are not “public records,” they are not subject to inspection by members of the public under the Public Records Act, G.L.c. 66, §10.
The fact that documents are exempt from disclosure to the general public does not necessarily mean that they are exempt from discovery in civil litigation. Doe v. Lyons, 1996 WL 751531 at *5 (Mass. Super. Ct. 1996).(“A finding that some or all of the requested documents are exempt from mandatory public disclosure would not necessarily end the inquiry here because the Public Records Act does not purport to control the scope of discovery that may be allowed to a party in a civil proceeding”). See also Commonwealth v. Wants, 426 Mass. 639, 642 (1998) (material exempt from public disclosure not automatically protected from disclosure in criminal actions). Under Mass.R.Civ.P. 26(b)(1), “[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ...” There is no dispute that pre-taking appraisals are relevant to an eminent domain action; the only question is whether they are privileged.
In considering this question, this Court needs to consider two competing considerations. First, courts traditionally have been reluctant to create a common law privilege, preferring to leave such matters to the Legislature. Babets v. Secretary of Executive Office of Human Services, 403 Mass. 230, 234 (1988). As the Supreme Judicial Court declared:
Although this court has the power to create privileges, Three Juveniles v. Commonwealth, 390 Mass. 357, 360, 455 N.E.2d 1203 (1983), it is a power that we have exercised sparingly, and “only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.” Id. at 359-60, 455 N.E.2d 1203, quoting Elkins v. United States, 364 U.S. 206, 234, 80 S.Ct. 1437, 1454, 4 L.Ed.2d 1669 (1960) (Frankfurter, J., dissenting).
Id. Second, courts have an obligation to interpret statutes in accordance with the intent of the Legislature. Commonwealth v. Adams, 389 Mass. 265, 271 (1983). Certainly, at the veiy least, courts should not interpret a statute in a manner that would frustrate the Legislature’s purpose in enacting that statute. Attorney General v. Colleton, 387 Mass. 790, 799 (1982).
Here, the Legislature, in exempting appraisals from inspection by the general public until there is no reasonable possibility of litigation regarding the public taking, plainly intended that the appraisals not be used against the Commonwealth and its municipalities in any litigation. In view of this purpose, is difficult to believe that the Legislature intended that a member of the public be denied access to an appraisal until that citizen flies suit against the Commonwealth, at which time it would become discoverable in the litigation. In short, if there is no privilege, then appraisals will be available to those engaged in litigation, but not those contemplating it. Such a rule would run contrary to the spirit of G.L.c. 4, §7(26){I), which is fairly understood as wishing to avoid the Commonwealth’s being hit over the head with the appraisals it caused to be prepared.
*74 I recognize that the Legislature could have expressly created a privilege for pre-taking appraisals rather than simply exempting them from public records disclosure. Yet, I find that the specific references to the existence of and prospects for litigation in G.L.c. 4, §7(26) (I) suggest that the Legislature intended that provision to speak to more than public access and to extend a more generalized protection of these appraisals.
The most sensible way to interpret G.L.c. 4, §7(26)(I) is that it reflects a legislative finding that the possibility of litigation is reasonably anticipated in every public taking. The consequence of this finding is that “appraisals of real property acquired or to be acquired” should be understood to be prepared in anticipation of litigation and are therefore protected from discovery in civil litigation unless the adverse party demonstrates both that he has a substantial need of the appraisals and cannot without undue hardship obtain the substantial equivalent through other means. Mass.R.Civ.P. 26(a)(3). See Ward v. Peabody, 380 Mass. 805, 817 (1980) (work product rule “includes litigation which, although not already on foot, is to be reasonably anticipated in the near future").
Shielding pre-taking appraisals under the umbrella of the work product doctrine would not protect them from disclosure in all circumstances. Certainly, upon the showing set forth in Mass.R.Civ.P. 26(a)(3), the protection would need to give way. More commonly, pre-taking appraisals would become discoverable whenever the party that solicited the appraisal declared its intention to call the appraiser who prepared it as either a fact or expert witness at trial. Ward, supra at 818.
Since the plaintiffs have yet to demonstrate that such circumstances are present in the instant case, the work product doctrine protects the requested pretaking appraisals from disclosure. Consequently, the motion to compel the disclosure of these appraisals is DENIED.[1]

The denial is without prejudice in the event that the plaintiffs can demonstrate that circumstances exist in this case that would require the disclosure of the appraisal work product.