Connolly, J.
The defendant, Joseph Donovan (the “defendant”), makes a two-fold request of the Department of Correction to produce (1) records concerning its policies and procedures concerning what constitutes gang activity (the “STG policies and procedures”) and (2) employee personnel records. Intervener Department of Correction (“DOC”) opposes this request and moves to quash the defendant’s subpoena. After hearing, review of the parties submissions, and for the following reasons, this Court hereby ALLOWS the DOC’s motion to quash.

BACKGROUND

I. Factual Backdrop
Presently, the defendant is serving a life sentence for first-degree murder at MCI-Cedar Junction, where he has been identified as a member of a Security Threat Group (“STG”). At this facility, on July 13, 2000, an incident allegedly occurred causing the Commonwealth to charge the defendant with assault and battery of a corrections officer.[1] The defendant now requests records concerning the policies and procedures concerning what constitutes gang activity as well as certain employee personnel records.

II. Procedural History

On March 26, 2001, the defendant filed his request for DOC’s policies and procedures records. After hearing, this Court (Cratsley, J.) allowed the defendant’s *450 motion and ordered that within thirty days the Commonwealth provide defense counsel with all such requests concerning policies and procedures regarding gang activity. At the time, the DOC was not aware of the defendant’s motion. At another point, the defendant also filed a motion seeking DOC employee personnel records.
Subsequently, on June 6, 2001, the DOC filed a consolidated motion requesting to intervene and to vacate the Court’s March 26, 2001 ruling. On June 7, 2001, this Court (Butler, J.) allowed DOC’s motion to intervene and its request to vacate the March 26, 2001 ruling. In her order, Judge Butler stated the following:
Where the documents are not in the possession or control of the prosecutor, the Commonwealth (district attorney’s office) is under no obligation to produce them. The defendant should issue a summons to the DOC for the records, if they are still desired, and the DOC can respond or seek to quash as it deems appropriate.
Unbeknownst to Judge Butler, however, this Court (Connolly, J.) on June 6, 2001 had continued the matter until July 11, 2001 because defense counsel had requested additional time to submit a memorandum of law in support of the defendant’s motion.
Given these course of events, the parties agreed at the July 11, 2001 hearing before this Court (Connolly, J.) to treat the issue as a motion to quash the defendant’s subpoena. Counsel for the DOC waived in open court the issue of service of the summons. Accordingly, this memorandum discusses the issues as they relate to the DOC’s motion to quash the defendant’s requests for (1) records concerning the policies and procedures concerning what constitutes gang activity and (2) employee personnel records.

DISCUSSION

A. Records Related to the DOC’s Policies and Procedures Concerning What Constitutes Gang Activity

The defendant contends that the records he has requested are “directly related to the incidents surrounding” the defendant’s assault and battery charge. The defendant alleges that this information will demonstrate how DOC employees harassed him by placing him in higher security and by designating him as a member of a security threat group (“STG”) because he would not serve as an informant for them. According to the defendant, the records are “important to his defense and [are] necessary in order to demonstrate that [he] was being unfairly targeted and persecuted by the Department of Correction.” The defendant also argues that disclosure of this information will enable the defense to demonstrate that the DOC, in their treatment of the defendant, did not adhere to their own STG policies and procedures. Rather conclusorily, the defendant also maintains that G.L.c. 4, §7(26)(b) does not require that the DOC withhold the records he has requested and that lack of access to this information will deprive him of his rights to a fair trial under the United States Constitution and Article XII of the Massachusetts Declaration of Rights.
In its opposition to the defendant’s request, the DOC contends that the requested STG records are exempt from public disclosure under G.L.c. 4, §7(26)(b). That statutory exemption, in pertinent part, provides that “[records] related solely to internal personnel rules and practices of the government unit. . . shall be withheld only to the extent that proper performances of necessary governmental functions requires such withholding.” In Massachusetts, there is a presumption that the requested records are public. See G.L.c. 66, § 10(c); Globe Newspaper Company v. Police Commissioner of Boston, 419 Mass. 852, 857 (1995). A state agency that declines a records request must establish “with specificity” that the requested records fall within one of the nine statutory exemptions to disclosure. See id. The DOC, therefore, has the burden of establishing with specificity that the “proper performances of necessary governmental functions requires [the] withholding [of the records].” See G.L.c. 4, §7(26)(b); see also Globe Newspaper Company, supra at 859.[2] Here, the DOC has met their burden.
The DOC argues that its primary function of maintaining secure penal institutions requires that it withhold records that detail the criteria for classifying and/or identifying prisoners who pose a threat to an institution’s security, such as STG inmates. The DOC maintains that such information relates to the DOC’s internal workings and that disclosure of such information would hinder the DOC’s law enforcement efforts because knowledge of STG procedures would enable inmates to circumvent such procedures. Additionally, the DOC contends that knowledge of its internal intelligence capabilities within the institution would also jeopardize the institution’s safety. The DOC explains further that it has identified the defendant as a member of a prison security threat group known as the “Flynn Group.” Moreover, the DOC notes that inmates aligned with the Flynn Group, including the defendant, have made previous unsuccessful public records requests for STG information. The DOC, therefore, has successfully established with the requisite specificity that the exemption applies. Maintaining the security of DOC’s institution constitutes a “necessary governmental function! ] [that] requires [the] withholding [of the records].” See G.L.c. 4, §7(26)(b).
While the DOC has satisfied its burden, the court’s inquiry does not end there. In Commonwealth v. Wanis, 426 Mass. 639 (1998), the Supreme Judicial Court recognized that “[e]ven if the custodian of internal affairs documents could meet the statutory burden (G.L.c. 66, §10[c]) of showing with specificity that an exemption applies, a criminal defendant may nevertheless have a right to obtain such documents.” Supra at 644. To obtain such documents (documents other than the statements of percipient witnesses), the de *451 fendant must show (typically through an affidavit) “that there is a specific good faith reason for believing that the information is relevant to a material issue in the criminal proceedings and could be of real benefit to the defense.” Supra at 644-45 (emphasis added). Accordingly, this Court must determine whether the defendant has made the requisite showing under Wanis.
The defendant contends that Wanis does not apply here. This Court disagrees. While the defendant seeks the production of DOC records, and not police department internal affair records, that distinction does not render Wanis inapplicable. As in Wanis, the defendant here seeks the production of a state government agency’s records that are not within “the possession, custody, or control of the prosecutor.” See Mass.R.Crim.P. 14(a)(1).[3] This Court, therefore, applies Wanis here by analogy and concludes that the defendant has failed to make the requisite showing warranting production of any of the DOC records he has requested.[4]
The defendant has failed to establish any nexus between DOC officials’ alleged deviation of STG policies and procedures and the defense of his assault and battery charge.[5] The defendant’s allegations of harassment by DOC officials appear tangential to the defense of his criminal case, especially because he makes no contention that he suffered such harassment on July 13, 2000, the date of the alleged incident. Moreover, the defendant’s affidavit which accompanies his motion was signed on June 2, 2000. It, therefore, makes no mention of the July 13, 2000 incident nor of his records request. Rather, the affidavit merely recites the defendant’s allegations of improper threats and actions by DOC officials. The two other affidavits, filed by other inmates and also dated prior to the alleged July 13, 2000 incident, states similar allegations. With this showing, the defendant has failed to demonstrate "a specific good faith reason” for believing that records of the STG policies and procedures the defendant has requested relate to a material issue" in his assault and battery case or could be “of real benefit to the defense” of assault and battery. See id.

B. DOC Employee Personnel Records

Similarly unavailing is the defendant’s claim for DOC personnel records. The defendant seeks the DOC’s personnel records (including disciplinary records) of each of the percipient correctional officers in the case as well as those records of all other correctional officers whom the Commonwealth intends to call as witnesses at the defendant’s trial. In support of the defendant’s request, defense counsel’s affidavit summarily states that the defendant’s case will largely rest upon a comparison of the correctional officers’ credibility with the defendant’s credibility and that access to such records is necessary for defense counsel to adequately impeach the witnesses’ credibility, thereby preserving the defendant’s right to a fair trial.[6]
In opposition to this request, the DOC contends that the defendant has failed to make the requisite showing under Wanis.[7] The DOC argues that the defendant has failed to establish how the individual employee records are specifically relevant to a material issue in the defendant’s criminal proceeding or how they could be a real benefit to the defense. In support of this contention, the DOC has submitted an affidavit from Lynn Roderick, an employee of DOC’s Human Resources Division, which states that she has reviewed each of the requested personnel files and did not find any disciplinary records, except for one officer’s letters of reprimand. In those letters, the reprimand did not relate in any way to the officer’s interaction with other inmates. Under these circumstances, the defendant has failed to demonstrate “a specific, good faith reason” for believing that the requested personnel records are “relevant to a material issue in the criminal proceedings and could be of real benefit to the defense” of assault and battery. See Wanis, supra at 644-45. Under Wanis, personal information about a law enforcement officer and his or her conduct can only be disclosed when a defendant has made the requisite showing. See id. at 645. Given the defendant’s failure to make this showing, disclosure of the requested records is not warranted. The DOC’s safety and security concerns resulting from disclosure only reinforce this conclusion.
Accordingly, this Court concludes that production of the DOC personnel records and the STG policies and procedures records is not warranted.

ORDER

For the foregoing reasons, this Court hereby ORDERS that the motion to quash by Intervener, the Department of Correction, be ALLOWED.

 This incident allegedly was caught on videotape, a videotape which this Court reviewed in open court.

 Not all exemptions under G.L.c. 4, §7(26) require the court to conduct a balancing test. See Globe Newspaper, supra at 858 (recognizing that “[application of the investigatory exemption . . . does not contemplate a balancing test”). To the extent that the exemption under G.L.c. 4, §7(26)(b) does require such a balancing, this Court concludes that the safety interest of DOC’s institution outweighs the defendant’s interest in disclosure, particularly given the defendant’s failure to illustrate how this information is relevant to the d.efense of his assault and battery charge.

 Contrary to the defendant’s assertion, the DOC does not fall under the “direction and control” of the prosecutor. Cf. Commonwealth v. Campbell, 378 Mass. 680, 702 (1979) (prosecutor not required to obtain DOC records).

 A review of Massachusetts appellate case law reveals no case law other than Wanis which closely addresses the issue here.

 Neither of these affidavits nor any of the defendant’s claims involve the contention that these records include the statement(s) of a percipient witness to the alleged July 13, 2000 incident.

 As for the defendant’s affidavits filed in support of his STG policies and procedures request, they make no reference *452 to these records nor do they demonstrate the requisite Wanis showing.

 As in Wanis, the DOC does not claim that these particular records are public records under G.L.c. 4, §7(26). See supra at 642-43. Even if the DOC made such a claim and succeeded, that would not resolve the issue here because a defendant’s right of access to such information does not turn on whether the requested records “are or are not subject to disclosure as public records” but does turn on whether the defendant offers a “specific good faith reason” under Wanis. Supra at 644.