LORENZO Q. SCOTT *vs.* DEDHAM DIVISION OF THE DISTRICT COURT DEPARTMENT & others.[1] March 12, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

In June, 1999, the petitioner Lorenzo Q. Scott filed two applications for criminal complaints with the clerk of the Dedham Division of the District Court Department, alleging that two Wellesley police officers had committed various criminal offenses in the course of apprehending Scott in 1995 on charges of breaking and entering in the nighttime with the intent to commit a felony.[2] A probable cause hearing was scheduled. However, before the hearing took place, a District Court judge dismissed the applications without a hearing. Scott filed a motion for reconsideration, which was denied. He also filed a notice of appeal in the District Court, attempting to appeal from the order. The first assistant clerk-magistrate wrote to Scott, informing him that "there is no right of appeal" from the denial of a criminal complaint application.

Scott next filed a petition with the county court, pursuant to G. L. c. 211, § 3, seeking relief from the District Court's order dismissing the applications for criminal complaints. In addition, the petition alleged that the first assistant clerk-magistrate had "denied due process" by not holding a probable cause hearing and by failing to "process" the petitioner's notice of appeal. A single justice of this court denied the petition without a hearing. Scott appeals. We affirm.

"Relief under G. L. c. 211, § 3, is available only in extraordinary circumstances." *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't,* 435 Mass. 136, 137 (2001). "A party seeking review under G. L. c. 211, § 3,

---

[1]The police department of Wellesley and the district attorney for the Norfolk district.

[2]While not raised as an issue in his petition, the record indicates that Scott also filed virtually identical criminal complaint applications against the same two police officers in February, 1998. See *Lombard* v. *Commonwealth,* 427 Mass. 1001, 1001 (1998) (declining to reach issue not raised in petition under G. L. c. 211, § 3); *E.H.S.* v. *K.E.S.,* 424 Mass. 1011, 1011-1012 (1997) (same). The allegations contained in both the 1998 and 1999 applications were based on the same circumstances giving rise to an unsuccessful motion to suppress Scott had filed during the course of his prosecution on the breaking and entering charges.

must demonstrate that his or her substantive rights have been violated and that there is no other adequate or effective avenue of relief." *Id.*

Scott cannot demonstrate that his substantive rights were violated. He was entitled to file his applications, which he did, and to have the District Court act on them, which it did. Nothing more is required. See *id.* at 141 ("[a] private party's rights with respect to the criminal complaint process are limited to the filing of an application and court action on that application"). Scott was not entitled to a probable cause hearing. See *id.* at 141-142 ("[a] probable cause hearing . . . is held for the protection and benefit of the respondent named in the application, not for the benefit of the complainant"). Nor was he entitled to relief pursuant to G. L. c. 211, § 3, in the first instance, from the alleged failure of the first assistant clerk-magistrate to process his appeal. See *id.* at 141 ("a private party has no constitutional or statutory right to challenge" the denial of an application for a criminal complaint). See also *Tarabolski* v. *Williams*, 419 Mass. 1001, 1001-1002 (1994); *Taylor* v. *Newton Div. of the Dist. Court Dep't*, 416 Mass. 1006, 1006 (1993); *Manning* v. *Municipal Court of the Roxbury Dist.*, 372 Mass. 315, 317 (1977); *Whitley* v. *Commonwealth*, 369 Mass. 961, 962 (1975). See also *Lu* v. *Boston Div. of the Hous. Court Dep't*, 432 Mass. 1005, 1006 (2000), and cases cited (indicating clerk's failure to process notice of appeal is correctable through appropriate motion filed in trial court).

The single justice's decision to deny the petition for extraordinary relief was correct. See *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't, supra* at 143.[3]

*Judgment affirmed.*

The case was submitted on briefs.

*Lorenzo Q. Scott*, pro se.

*Elizabeth Klein Frumkin*, Assistant Attorney General, for the defendants.


---

[3]To the extent Scott's petition can be read as seeking general superintendence relief directly against the police officers and the district attorney's office, the petition was properly denied.

