ALEX FEINMAN *vs.* NEW BEDFORD DIVISION OF THE DISTRICT COURT DEPARTMENT & others.[1] May 15, 2006. *Practice, Civil,* Relief in the nature of certiorari. *Supreme Judicial Court,* Superintendence of inferior courts.

---

[1]Three judges of that court, the clerk-magis   te, the first assistant clerk, two assistant

The petitioner appeals from a judgment of a single justice of this court denying his "Complaint in the Nature of a Petition for a Writ of Certiorari and to Invoke the General Superintendence of the Court." See G. L. c. 249, § 4; G. L. c. 211, § 3. We affirm.

In the county court, the petitioner claimed that, in connection with criminal trespass and credit card fraud charges brought against him in the New Bedford District Court, certain judges and other court employees, police officers, prosecutors, and others conspired to deprive him of fair treatment in the court, resulting in (among other things) an unlawful conviction of trespassing. He requested reversal of his conviction or a new trial in another jurisdiction, and that the New Bedford District Court be "investigate[d]" and "re-organize[d]."[2]

With regard to the petitioner's challenge to his trespassing conviction, he could have pursued such a challenge through a direct appeal, and so review pursuant to G. L. c. 249, § 4, or G. L. c. 211, § 3, was unwarranted. See *Diggs* v. *Commonwealth*, 439 Mass. 1006, 1006-1007 (2003), and cases cited (relief under G. L. c. 211, § 3, may not be sought as substitute for normal appellate review); *Picciotto* v. *Superior Court Dep't of the Trial Court*, 437 Mass. 1019, 1020 (2002) ("certiorari does not provide an additional or alternative avenue of appellate review"). As for his declarations that corruption has infected the workings of the New Bedford District Court, requiring that the court be "investigated" and "reorganized," the relief sought by the petitioner is not supported by the record. See *Callahan* v. *Eastern Bank & Trust Co.*, 437 Mass. 1020, 1021 (2002) (where petitioner failed to substantiate claims of conspiracy, fraud, and bad faith, relief pursuant to G. L. c. 211, § 3, properly denied); *Pandey* v. *Ware Div. of the Dist. Court Dep't*, 412 Mass. 1002, 1003 (1992) (where court found nothing in record to support claim of judicial bias, relief pursuant to G. L. c. 211, § 3, properly denied). Accordingly, the single justice neither abused her discretion nor otherwise erred.

*Judgment affirmed.*

*Alex Feinman*, pro se.

[2]We do not consider other issues that the petitioner raises for the first time in his brief on appeal. See *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998), and cases cited.