THOMAS P. BUDNICK *vs.* PALMER DIVISION OF THE DISTRICT COURT DEPARTMENT & another.[1] June 4, 2009. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Complaint, Show cause hearing.

The petitioner, Thomas P. Budnick, filed a petition in the county court seeking an "investigation" as to why "seven hundred and eighty-eight (788) audio/video Show Cause applications" he filed in the Palmer Division of the District Court Department were denied without a hearing over a twenty-eight year period. A single justice considered the petition pursuant to G. L. c. 211, § 3, and denied relief without a hearing. We affirm.

It was the petitioner's burden to create a record establishing entitlement to relief, "not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders . . . or other parts of the lower court record necessary to substantiate [his] allegations." *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). The petitioner failed to do so. The record before the single justice contained no copies of the alleged applications, dates they allegedly were filed, or other specific information concerning them. On the record before him, the single justice did not err in denying the petition.[2,3] See *Feinman* v. *New Bedford Div. of the Dist. Court Dep't,* 446 Mass. 1016 (2006), and cases cited (unsupported allegations of conspiracy to deprive petitioner of fair trial not sufficient to support "investigat[ion]" and "reorganiz[ation]" of District Court).[4]

*Judgment affirmed.*

*Thomas P. Budnick,* pro se.


---

[1]Police department of Ludlow.

[2]Moreover, while a private citizen has a right to file an application for a criminal complaint with the District Court, and to have a clerk-magistrate act on his application, he has no right to a show cause hearing on the application. See *Scott* v. *Dedham Div. of the Dist. Court Dep't,* 436 Mass. 1004, 1005 (2002); *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't,* 435 Mass. 136, 141-142 (2001). See also Standard 3:00 of the District Court Standards of Judicial Practice: The Complaint Procedure (revised Oct. 1, 2008) ("The right to seek a criminal complaint").

[3]We do not consider other issues raised for the first time on appeal. *Milton* v. *Boston,* 427 Mass. 1016, 1017 (1998), and cases cited.

[4]Nothing in the petitioner's postargument motion to supplement the record changes the result in this case.