ROBERT ALDRICH *vs.* CLERK-MAGISTRATE OF THE SOMERVILLE DIVISION OF THE DISTRICT COURT DEPARTMENT. October 11, 2012. *Supreme Judicial Court,* Appeal from order of single justice. *Mandamus. District Court,* Clerk-Magistrate. *Practice, Civil,* Action in nature of mandamus.

Robert Aldrich appeals from a judgment of a single justice of this court denying his petition for relief in the nature of mandamus brought under G. L. c. 249, § 5. We affirm.

This matter arises from an application filed by Aldrich in the Somerville Division of the District Court Department for a criminal complaint against a Cambridge police officer. The first assistant clerk of the court denied the application and referred the matter to the Middlesex County district attorney. Aldrich sought review of that action before a judge and requested a hearing. See Standard 3:21 of the District Court Standards of Judicial Practice: The Complaint Procedure (2008). The judge denied the request for a hearing without prejudice pending the district attorney's review. Aldrich then filed a petition under G. L. c. 249, § 5, in the county court, seeking an order compelling the clerk-magistrate of the District Court to conduct a show cause hearing and issue a criminal complaint.

It is well settled that "the denial of [an application for] a [criminal] complaint creates no judicially cognizable wrong." *Bradford* v. *Knights*, 427 Mass. 748, 751 (1998). A private individual simply has no constitutional or statutory right to challenge the denial of an application for a complaint, whether in a mandamus action or otherwise. See *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't*, 435 Mass. 136, 141 (2001). Aldrich's rights as a complainant were limited: he was only entitled to file an application for a complaint, which he did, and to have the District Court act on the application, which it did by denying the application and referring the matter to the district attorney's office. See *Scott* v. *Dedham Div. of the Dist. Court Dep't*, 436 Mass. 1004, 1005 (2002), and cases cited. See also Standard 3:00 of the District Court Standards of Judicial Practice, *supra* ("Any individual is entitled to file an application for criminal complaint and to have a magistrate act on it. However, a private party has no right to a show cause hearing on such an application, no right to have a criminal complaint authorized, and no right to appeal its denial").

*Judgment affirmed.*

The case was submitted on briefs.

*Robert Aldrich*, pro se.

*Natassia Kelly*, Assistant Attorney General, for the defendant.