RESCRIPT
**1021 Gerardo Cruz appeals from a judgment of a single justice of this court allowing the Commonwealth's petition for relief pursuant to G. L. c. 211, § 3. The Commonwealth sought relief from the portion of a discovery order that, in essence, required the prosecutor to produce certain exculpatory information from the personnel files of the Boston Police Department and its internal affairs division. We affirm.
Cruz is charged in the Boston Municipal Court with two counts of unlawful possession of a firearm, unlawful possession of ammunition, drug possession, two counts of possession with intent to distribute drugs, and receiving stolen property. In October 2017, a judge in that court granted in part Cruz's motion for discovery from the Commonwealth, including a request, appearing in paragraph two of the endorsed motion, that the Commonwealth produce "[d]ocuments and information concerning whether [the Boston Police Department] has ever admonished, disciplined, investigated, [or] reprimanded" the police officer who drafted the search warrant affidavit in Cruz's case. At the hearing on the motion, the judge made clear to the prosecutor that "in [her] view that mean[t] personally looking through [internal affairs division] materials, personnel files of this officer, and finding out from supervisors whether there's anything of that nature." The Commonwealth sought reconsideration of the order insofar as it purported to require the prosecutor, pursuant to Mass. R. Crim. P. 14, as appearing in 442 Mass. 1518 (2004), to review files not in the Commonwealth's "possession, custody or control."[1] The motion judge denied the request for reconsideration, and the Commonwealth then sought relief from a single justice of this court pursuant to G. L. c. 211, § 3.
After a hearing, the single justice allowed the Commonwealth's petition, reasoning that "[h]ere, as in Commonwealth v. Wanis, 426 Mass. 639, 644 [690 N.E.2d 407] (1998), 'the judge erred in ordering discovery pursuant to rule 14 of records of the internal affairs division of a police department against a prosecutor who did not have possession, custody, or control of any of the requested information.' Commonwealth v. Rodriguez, 426 Mass. 647, 648, 692 N.E.2d 1 (1998)." The single justice **1022 further found that to the extent that the request at issue was made pursuant to Mass. R. Crim. P. 17, 378 Mass. 885 (1979), the requirements of neither rule 17 nor Wanis were satisfied.
"We review a decision of the single justice ... under G. L. c. 211, § 3, only for 'clear error of law or abuse of discretion.' " Commonwealth v. Bertini, 466 Mass. 131, 137, 993 N.E.2d 654 (2013), quoting *325 Caggiano v. Commonwealth, 406 Mass. 1004, 1005, 550 N.E.2d 389 (1990). Here, the single justice properly vacated paragraph two of the discovery order to the extent it "require[d] the prosecutor assigned to the case to look through the internal affairs division file and/or other personnel files of the Boston police officer who wrote the search warrant affidavit," where such materials were not in the possession, custody, or control of the Commonwealth.[2] But by vacating the provision of the discovery order that contained this requirement, the single justice did nothing to relieve the Commonwealth of its ongoing duty to disclose exculpatory information -- including any material, exculpatory information related to past discipline or internal investigation of the officer in question -- to the extent such information is in the possession, custody, or control of the prosecution team. Wanis, 426 Mass. at 644, 690 N.E.2d 407. See Mass. R. Crim. P. 14 (a).
Moreover, Cruz is not necessarily foreclosed from seeking additional materials from the Boston Police Department through a motion pursuant to rule 17, provided that he can meet the applicable legal standard under that rule. See Wanis, 426 Mass. at 643-644, 690 N.E.2d 407. See also Commonwealth v. Dwyer, 448 Mass. 122, 139-147, 859 N.E.2d 400 (2006) (discussing protocol for pretrial inspection of third-party records under Mass. R. Crim. P. 17 ); Commonwealth v. Lampron, 441 Mass. 265, 268, 806 N.E.2d 72 (2004) (holding that "[r]egardless of how a defendant styles his request, pursuit of documents and records in the possession of a nonparty must be considered and analyzed under rule 17 [a] [2]"); Rodriguez, 426 Mass. at 648-650, 692 N.E.2d 1 (concerning rule 17 discovery of certain records of internal affairs division).
The parties dispute whether the challenged portion of the discovery order was issued pursuant to Mass. R. Crim. P. 14 or Mass. R. Crim. P. 17, 378 Mass. 885 (1979). Because the dispute centers on the scope of the prosecutor's obligations under the discovery order (rather than the Boston Police Department's), we treat it primarily under rule 14.
Cruz argues that the single justice erred in determining that the discovery order was modified by the trial judge's comments at the hearing to include this requirement. We see no error in the single justice's interpretation. In any event, to the extent the single justice may have gone further than necessary in vacating the entirety of paragraph two, as opposed to merely clarifying the prosecutor's obligations under that paragraph, there would be no prejudice to Cruz, for the reasons discussed herein.