## COMMONWEALTH *vs.* FRANCIS PELOSI.

Suffolk. January 6, 2004. - March 19, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Rape. Indecent Assault and Battery. Evidence,* Production on demand, Privileged communication, Communication with social worker, Relevancy and materiality. *Privileged Communication. Social Worker.*

In a criminal action involving rape and indecent assault and battery on a child under the age of fourteen years, the judge hearing a motion to produce the victims' counselling records erroneously bypassed the first stage of the protocol set forth in *Commonwealth* v. *Bishop,* 416 Mass. 169, 181 (1993), when she made no determination whether a proper privilege had been asserted and applied to the records sought, and instead proceeded to find that the defendant had not met the relevancy requirements applicable to the second stage of the protocol. [260-264] COWIN, J., concurring, with whom SOSMAN, J., joined.

INDICTMENTS found and returned in the Superior Court Department on February 24, 1995.

A pretrial motion to produce records was heard by *Carol S. Ball,* J., and the cases were tried before *Charles T. Spurlock,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Douglas J. Beaton* for the defendant.

*John P. Zanini,* Assistant District Attorney (*Amanda Lovell, Joshua I. Wall, & Greer Spatz,* Assistant District Attorneys, with him) for the Commonwealth.

The following submitted briefs for amici curiae:

*Richard Van Nostrand, Martin W. Healy, & Lee D. Flournoy* for Massachusetts Bar Association.

*Thomas F. Reilly,* Attorney General, *Martha Coakley,* District Attorney, *Paul F. Walsh,* District Attorney, *& Marguerite T. Grant,* Assistant District Attorney, for Department of Social Services & others.

*Wendy J. Murphy* for Jane Doe Inc. & others.

*Daniel J. Kelly & Gregory D. Cote* for National Crime Victim Law Institute & others.

*Carol A. Donovan,* Committee for Public Counsel Services, *Sarah Wunsch, & Charles McGinty* for Committee for Public Counsel Services & others.

*Keith P. Carroll,* of Connecticut, *& Lisa A. Tenerowicz, Philip J. Catanzano, Andrew N. Nathanson, & Kathryn M. Reardon* for Victim Rights Law Center & others.

*Elizabeth D. Scheibel, Thomas F. Reilly,* Attorney General, *Cathryn A. Neaves,* Assistant Attorney General, *& Virginia A. Peel,* for Massachusetts District Attorneys Association & others.

CORDY, J. After a jury trial, the defendant was convicted of two counts of rape and of two counts of indecent assault and battery on a child under the age of fourteen years. The victims were his children. A divided panel of the Appeals Court affirmed the convictions. *Commonwealth* v. *Pelosi,* 55 Mass. App. Ct. 390 (2002). We granted the defendant's application for further appellate review.

The principal issue we consider is whether the motion judge made an adequate determination of privilege under the protocol set forth in *Commonwealth* v. *Bishop,* 416 Mass. 169 (1993) (*Bishop*), when she denied the defendant's motion for the production of the victims' Department of Social Services (department) and Massachusetts Society for the Prevention of Cruelty to Children (MSPCC) counselling records. We conclude that the motion judge erroneously bypassed stage 1 of the *Bishop* protocol when she made no determination whether a proper privilege had been asserted and applied to the records sought, and instead proceeded to find that the defendant had not met the relevancy requirements applicable to stage 2 of the protocol. We therefore remand the case to the Superior Court for a further hearing to determine whether the records sought were in fact privileged.[1]

1. *Background.* The background of this case is described in

---

[1]We acknowledge the amicus briefs filed by the Committee for Public Counsel Services, the American Civil Liberties Union, and the Massachusetts Association of Criminal Defense Lawyers; the Victim Rights Law Center; the Massachusetts Bar Association; the National Crime Victim Law Institute, the

the Appeals Court opinion. We set forth only those facts relevant to this appeal.

At a pretrial motion hearing held on October 30, 1996, the defendant sought production of all records in the custody of the department and MSPCC regarding the two alleged victims.[2] In reply to the judge's inquiry into the privileged status of the records, the Commonwealth stated, "most of it is going to be social worker privilege," and then continued to argue, "whether or not they're privileged, they don't make the standard under [Mass. R. Crim. P. 14, 378 Mass. 874 (1979),] for relevancy." On November 4, the judge denied the defendant's motion, finding that the defendant had failed sufficiently to establish the relevance of the records as required by *Bishop*.[3]

National Sexual Violence Resource Center, and the National Alliance to End Sexual Violence; Jane Doe Inc.; the district attorney for the Middlesex district, the district attorney for the Bristol district, and the Department of Social Services; the Massachusetts District Attorneys Association, the Attorney General, and the Massachusetts Office for Victim Assistance. Today we announce the formation of a committee that will study and present to the court alternatives to the current protocol regarding defense access to privileged records in sexual assault cases.

[2] In support of the motion, the defendant's attorney submitted an affidavit based on her review of videotaped statements by the victims, grand jury testimony, deposition testimony of the defendant's wife, and written reports of the victims' somewhat differing statements provided to her by the prosecutor in discovery. In the affidavit the attorney asserted that the context in which the children interacted with the Department of Social Services (department) and the Massachusetts Society for the Prevention of Cruelty to Children (MSPCC) — after the defendant and his wife had separated before their divorce, while the children were living with the wife — indicated that their accusations of sexual abuse might be unreliable, and specifically alleged that the accusations may have been motivated by animosity between the defendant and his wife during their divorce, that they arose "in response to repeated and somewhat leading questions," and that the department and MSPCC records might therefore contain "evidence of coaching or inconsistent statements."

[3] We set forth the judge's written decision:

"The defendant here is accused of molesting [the children] and asks this court to order production of [department] and counselling records generated since the children 'disclosed' the alleged abuse. Certain of the children's confidential psychiatric records have already been provided to defense counsel including the medical records prepared by the psychiatrist to whom the children originally made their disclosures. This prior disclosure of records suggests that concerns as to the confidentiality of the records requested have less urgency than the

2. *Discussion.* In *Bishop*, we established a five-stage procedure to follow in the event that a defendant seeks to obtain the production of potentially privileged documents.[4] We have since modified the relevance threshold that defendants must meet to secure examination of privileged documents, see *Commonwealth* v. *Fuller*, 423 Mass. 216 (1996) (*Fuller*), but have maintained intact the procedures set forth in *Bishop*.

The purpose of the *Bishop* protocol is the achievement of a proper balancing of defendants' constitutional right to examine and present all evidence relevant to their defense and society's interests (expressed in the form of statutory privileges) in maintaining confidential relationships. See *Bishop*, *supra* at 176. Because it is premised on a balancing of these competing interests, *Bishop* a priori requires the claim and identification of a privilege. *Id.* at 181. See note 3, *supra.* See also *Fuller*, *supra* at 224-226 (discussing importance of privilege at stake). Without a claim of privilege, the basis for denying a defendant access to records that may contain information relevant to his defense may not exist. We therefore have made clear that a judge cannot bypass the initial privilege analysis on which the *Bishop* procedure depends, see *Commonwealth* v. *Oliveira*, 438 Mass.

---

confidentiality concerns raised in [*Commonwealth*] v. *Fuller*, 423 Mass. 216 [(1996)]. Moreover, confidentiality was almost certainly not a motivating factor behind any participation in therapy by the children at issue. Nevertheless, this court feels compelled to deny the defendant's motion based on the precepts articulated in [*Commonwealth*] v. *Bishop*, 416 Mass. 169 [(1993)], as amplified by more recent judicial pronouncements on the general topic. . . . Cf. [*Commonwealth*] v. *Fuller*, *supra.* In short, the motion is denied based on an insufficien[cy] of relevance."

[4]To summarize, *Commonwealth* v. *Bishop*, *supra*, requires that, "[i]f the complainant or the keeper of the target records refuses to produce [them] because of a statutory privilege," the judge shall "decide whether the records are privileged," and in so doing "shall reduce his or her decision, and the reasons therefor, to writing, with specific reference to the privilege or privileges claimed and found, if any" (stage 1). *Id.* at 181. On a finding of privilege, the defendant must demonstrate that the records are "likely to be relevant." *Id.* at 182. If the defendant meets this burden, the judge will review the records in camera (stage 2). *Id.* at 182. The judge must then allow counsel access to the records he or she has determined are relevant for examination (stage 3). *Id.* at 182. Finally, if after examination of the documents, the defendant makes a sufficient showing of need, the records may be disclosed to the trier of fact (stages 4 and 5). *Id.* at 182-183.

325, 337 (2002) (*Oliveira*), and must "specify in a written memorandum which privilege or privileges he or she finds actually apply." *Commonwealth* v. *Pare*, 427 Mass. 427, 430 (1998).

In this case, there was no apparent claim of privilege by either the holder of the privilege or any of the providers of the counselling services, and the judge made no finding of what, if any, privilege applied to the records. The Commonwealth's assertion at the motion hearing that "most of" the records were probably protected by the social worker privilege as set forth in G. L. c. 112, § 135B, is inadequate to fill this gap. To begin with, the social worker privilege is not one that the Commonwealth can assert.[5] As the statute plainly states, in connection with court proceedings, only a client (or guardian appointed on the client's behalf) may prevent a social worker from disclosing such communications.[6] See *Oliveira*, *supra* at 330-332. In the absence of the assertion of this privilege, and a finding by the judge that it applied to the specific records sought, it was erroneous to decide the defendant's motion under the remainder of the *Bishop* protocol. See *Commonwealth* v. *Moran*, 439 Mass. 482, 487 (2003) ("there is no basis to invoke the *Bishop-Fuller* protocol" where "no claimed privileges apply"). As we expressed in *Oliveira*, *supra* at 340, "[i]t is only where a privilege is asserted and found to be applicable" that the review required by *Bishop* occurs.

The Commonwealth argues that a finding that the social worker privilege applied to the records can be inferred in the motion judge's ruling. This is not supported by the record. The

---

[5]Citing *Pare* v. *Commonwealth*, 420 Mass. 216, 218 (1995), the Appeals Court suggests that the Commonwealth's ability to protect privileged records means that it may assert privilege in the first place. *Commonwealth* v. *Pelosi*, 55 Mass. App. Ct. 390, 394 (2002). See *Pare* v. *Commonwealth, supra.* This is not correct. There is a substantive difference between protecting records with respect to which a third party already has claimed a privilege and claiming a privilege on behalf of a third party. The ability to do the former neither requires nor suggests the ability to do the latter. See generally *Commonwealth* v. *Oliveira*, 438 Mass. 325, 337 n.13 (2002) (*Oliveira*).

[6]The Appeals Court cited G. L. c. 112, §§ 135A and 135B, in reference to the social worker privilege. *Commonwealth* v. *Pelosi, supra* at 395. We note that § 135A addresses social workers' general duty of confidentiality; the testimonial privilege that would be considered under the *Bishop* protocol is that set forth in § 135B. The social worker testimonial privilege is not self-executing. See *Oliveira, supra* at 330-331.

transcript of the hearing on the defendant's motion, and the judge's written decision on it, reflect that scant, if any, attention was paid to whether any or all of the records were privileged. Rather, the judge moved directly to a determination of relevance under *Bishop*. The judge's apparent conflating of the first two stages of *Bishop* suggests that she believed "that it was unnecessary to reach the privilege question because, in her view, the defendant had failed to satisfy the relevance requirements of *Bishop*." *Commonwealth* v. *Pelosi*, 55 Mass. App. Ct. 390, 406 (2002) (Brown, J., dissenting). This was error in light of the different and less demanding standard of relevance applicable to the defendant's right to obtain access to unprivileged records as compared to records for which a privilege has been asserted and found to apply. See *Commonwealth* v. *Lampron, post* 265, 267-268 (2004) (contrasting lower relevance standard applicable generally with more rigorous requirement under *Bishop* as augmented by *Fuller*); *Oliveira, supra* at 338 ("The issue, then, is whether records that are not privileged, or as to which no privilege has been asserted, can be withheld . . . . [W]e conclude that they cannot").

Finally, the Commonwealth contends that, regardless of privilege, the defendant's proffer failed to surmount the relevance threshold necessary for the production of records generally, and that the judge therefore properly denied the defendant's motion on that ground.[7] We disagree. Such a conclusion is not supported by either the judge's written decision or by the substance of the defendant's proffer. The threshold for the production of records generally is whether they would have

---

[7]On appeal, the Commonwealth cites *Commonwealth* v. *Wanis*, 426 Mass. 639, 644-645 (1998), to support its argument that a defendant seeking "private but not privileged information [must make] a higher showing than mere relevance." In that case, we required a defendant seeking certain records from the internal affairs division of a police department to show a "specific, good faith reason for believing that the information is relevant to a material issue in the criminal proceedings." *Id.* We predicated this requirement on our recognition that an "internal affairs division investigation of police misconduct often requires the cooperation of people . . . who may be reluctant to provide information against a police officer," and that the higher relevance threshold therefore would aid in "preserv[ing] the integrity of the investigation." *Id.* at 645. The *Wanis* case does not sweep as broadly as the Commonwealth suggests.

a "rational tendency to prove [or disprove] an issue in the case." *Commonwealth* v. *Lampron, supra* at 269-270, quoting *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 83 (1989). See Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979); Mass. R. Crim. P. 14 (a) (2); *Oliveira, supra* at 339-340. The judge did not apply this standard. She attributed her conclusion that the defendant's showing of relevance was insufficient due to the "precepts articulated in [*Bishop*]," as amplified by *Fuller*, to the cases that established the more exacting standard required to gain access to records found to be privileged. Moreover, it is apparent that the defendant's proffer satisfies the standard required for the production of unprivileged material. The credibility of the children's accusations is the central issue in the case. Whether the accusations were the product of coaching or of repeated leading questions, especially where they arose in the context of an acrimonious marital dissolution, and appeared to change over time, may have a significant bearing on credibility, and the department and MSPCC counselling records that the defendant seeks may have a "rational tendency to prove [or disprove]" it. *Commonwealth* v. *Lampron, supra.* See note 2, *supra.* Cf. *Commonwealth* v. *Oliveira*, 431 Mass. 609, 615 (2000), *S.C.*, 438 Mass. 325 (2002) (finding defendant's proffer that allegations of abuse arose during " 'tumultuous time' in . . . family home" sufficient to justify access to treatment records as records likely relevant to credibility).

Therefore, we remand the case to the Superior Court for a further hearing at which the judge must determine whether a privilege applies to any of the records at issue.[8] If so, the judge must make written findings to that effect, and the defendant may, if he wishes, proceed to stage 2. If no privilege is found to apply to some or to any of the records, the judge must allow the defendant access to the unprivileged records, so that he may

---

[8]If the judge finds that an applicable privilege has been asserted, she also must determine whether it has been waived through the voluntary disclosure of other similar counselling records — an issue raised but not decided by the judge at the pretrial hearing and in her written ruling on the defendant's motion, and disputed by members of the Appeals Court panel. See *Commonwealth* v. *Pelosi*, 55 Mass. App. Ct. 390, 395-398 (2002); *id.* at 407-411 (Brown, J., dissenting).

consider whether being deprived of them at trial made his trial unfair.[9]

*So ordered.*

Cowin, J. (concurring, with whom Sosman, J., joins). On the assumption that the *Bishop-Fuller* protocol (see *Commonwealth v. Bishop*, 416 Mass. 169, 181 [1993]; *Commonwealth v. Fuller*, 423 Mass. 216, 226 [1996]) continues to have any vitality, I concur with the result reached by the court. However, I adhere, as previously, to the view expressed by Justice Sosman, *Commonwealth v. Sheehan*, 435 Mass. 183, 194 (2001) (Sosman, J., concurring), that the protocol governing access to these types of records is "both unduly cumbersome and constitutionally flawed."

---

[9]The defendant additionally argues that the judge erroneously instructed the jury regarding the proper use of fresh complaint evidence, and that the Commonwealth committed various improprieties in closing argument, thus requiring us to reverse his convictions. Like the Appeals Court, *Commonwealth v. Pelosi*, 55 Mass. App. Ct. 390, 403 (2002), we conclude that these arguments are without merit.