Burnes, J.
The defendants, Frederick Lomberto and Sean Dwyer, were charged by indictment with the rape of a child. After trial, the jury convicted Sean Dwyer but was unable to reach a verdict as to Frederick Lomberto. Accordingly, the court declared a mistrial as to Frederick Lomberto, and he is now being retried. This matter is before the court on the defendant Frederick Lomberto’s Motion for Disclosure of Non-Privileged Hospital Records and Request for Subpoena to Issue. For the reasons discussed below, the defendant’s motion is DENIED.

BACKGROUND

During trial, it was alleged that from 1996 to 1999 the defendants engaged in sexual intercourse with an eight- to twelve-year-old girl (the complainant). After the complainant allegedly attempted suicide on February 25, 2001, she was hospitalized at Milford Hospital but was released after one day. She was later hospitalized at Pembroke Hospital. In June 2001, the victim was treated at Wayside Counseling, and was also seeing Jeannie Micheals, a psychotherapist, and Dr. Prudence Allen, a psychiatrist.
Prior to trial, the defendants moved for the production of the complainant’s records from Milford Hospital, Pembroke Hospital, Wayside Counseling, Jeannie Michaels, and Dr. Prudence Allen. In an order dated June 11, 2003, the first judge to rule on the motion allowed the motion with respect to the medical records of Pembroke Hospital, Milford Hospital, and the Wayside Counseling Center and denied the motion with respect to the records of Jeannie Michaels and Dr. Prudence Allen. The judge instructed the record holders to produce the records if no claim of privilege was made or to assert a claim of privilege and provide a detailed statement in writing setting forth the nature of the privilege claimed. The judge reserved his Bishop analysis regarding the relevancy and privilege of the records until the records were produced.
*107 After the records were produced, a second judge ruled on the defendants’ motion. With respect to the medical records of Wayside Counseling Center and Pembroke Hospital, the second motion judge conducted a stage 1 Bishop analysis. See Commonwealth v. Bishop, 416 Mass. 169 (1993).[1] The judge concluded that (1) those records were privileged, (2) the defendants had not demonstrated a “good faith, specific, and reasonable basis for believing that the records will contain exculpatory evidence that is relevant and material to the defendant’s guilt,” and (3) the defendants failed to demonstrate a sufficient basis for the court to conduct an in camera review of these records. With respect to the Milford Hospital records, no privilege was asserted by Milford Hospital and the court held that no special privilege applied to those records. The court then went on to conduct a stage 2 Bishop analysis and concluded that the Milford Hospital records contained no evidence relevant and material to the defendant’s guilt.

DISCUSSION

The defendant now moves for the disclosure of the unprivileged records of Milford Hospital. Relying on Commonwealth v. Oliveira, 438 Mass. 325 (2002), and Commonwealth v. Pelosi, 441 Mass. 257 (2004), the defendant argues that the second motion judge erred by applying the Bishop analysis and its relevancy requirement to the unprivileged records. The defendant contends that because the second motion judge ruled that the Milford Hospital records were unprivileged, he should have determined whether the records were material and relevant under Mass.R.Crim.P. 17(a)(2). The defendant argues that defense counsel, rather than the judge, should determine whether the records are relevant. The defendant also seeks the production of the records of Pembroke Hospital, arguing that the records were never submitted when subpoenaed because the hospital asserted a privilege.
A defendant’s pursuit of third-party records and documents is governed by Mass.R.Crim.P. 17(a)(2). The relevancy requirement of Mass.R.Crim.P. 14(a)(2) applies to discovery summonsed from third parties pursuant to Mass.R.Crim.P. 17(a)(2). Commonwealth v. Oliveira, 438 Mass. 325, 339 n.15 (2002) (“[A] defendant does not have an unlimited right to summons ... documents in advance of trial, but may only do so after making a threshold showing of relevance”) .[2] “A defendant is required to make a factual showing that the documents sought are relevant and have evidentiary value to the defense.” Commonwealth v. Lampron, 441 Mass. 265, 269 (2004).[3] Documentary evidence is relevant if it has a rational tendency to prove or disprove an issue in the case. Commonwealth v. Lampron, 441 Mass. 265, 269 (2004). See also Commonwealth v. Pelosi, 441 Mass. 257, 262-63 (2004).
The five-stage protocol of Bishop is implicated if the holder of the records (or the person whose records they are) asserts a privilege. Where the holder of the records fails to assert the potentially applicable statutory privileges, the trial judge must treat those records as if they were unprivileged. Commonwealth v. Oliveira, 438 Mass. 325, 337 (2002). If no privilege is asserted, defense counsel rather than the judge may review the records produced to determine what is and is not relevant. Commonwealth v. Oliveira, 438 Mass. 325, 341 (2002). As was stated in Bishop, “[i]f the judge rules that the undisclosed clinic records are not privileged, then the judge shall release the records to the parties.” Commonwealth v. Bishop, 416 Mass. 169, 184 (1993).
With respect to the records of Pembroke Hospital, the defendant argues that because the records were never produced after the court first ordered their production, the court should issue a subpoena to the Pembroke Hospital for production of those records. The second motion judge noted that both the victim and the record holder asserted the applicable privileges. It was then the duty of the judge to decide whether the records were in fact privileged. See Commonwealth v. Bishop, 416 Mass. 169, 181 (1993). The judge made this determination, stating that “(t]he information supplied by the record holder in accordance with the court’s June 11, 2003 order is sufficient to assess the privilege claims. These records are privileged under G.L.c. 233, §20B (psychotherapist-patient) and G.L.c. 112, §135B (social worker-patient).” The judge went on to determine that the defendant did not satisfy the relevancy threshold of stage 2. The second motion judge properly followed the Bishop protocol. It is immaterial that Pembroke Hospital never produced the medical records of the complainant. Pembroke Hospital was not required to produce the medical records and the court did not need such records in order to determine the applicability of any asserted privileges. See Commonwealth v. Bishop, 416 Mass. 169, 181 (1993). Accordingly, the defendant’s motion for the production of the Pembroke hospital records is denied.
As to the unprivileged records of Milford Hospital, the second motion judge noted that the records were delivered to the court and that no privilege applied. Pursuant to Bishop, the judge conducted an in camera review of those records and concluded that they contained no exculpatory evidence relevant and material to the defendant’s guilt. The second motion judge did not need to apply the Bishop protocol to the unprivileged records. See Commonwealth v. Oliveira, 438 Mass. 325, 337 (2002) (where holder of records fails to assert statutory privileges, trial judge must treat records as unprivileged).
The fact that the records are unprivileged, however, does not mean that those records are to be automatically disclosed to the defendant. As the defendant seeks the disclosure of third-party records, he must comply with Mass.R.Crim.P. 17(a)(2). Thus, he “is *108 required to make a factual showing that the documents sought are relevant and have evidentiary value to the defense.” Commonwealth v. Lampron, 441 Mass, 265, 269 (2004). The defendant has already made this showing of relevancy. The first motion judge held that “any mental health treatment that is found in the hospital records may be relevant and material to the defense because of the close proximity between the disclosure of the victim’s alleged rape and her attempted suicide.” The court then ordered the production of the records of Milford Hospital. The court’s prior acknowledgment of the relevancy of the Milford Hospital records and its order for the production of such records constituted a finding that the defendant satisfied his threshold burden under Mass.R.Crim.P. 17(a)(2). See Commonwealth v. Oliveira, 438 Mass. 325, 339 (2002). Because neither the record holder of Milford Hospital nor the complainant asserted a privilege in producing the records to the court, the defendant is entitled to review of the records. Id. See also Commonwealth v. Bishop, 416 Mass. 169, 184 (1993) (if records are unprivileged, “then the judge shall release the records to the parties”). Accordingly, the defendant’s motion for the production of the unprivileged Milford Hospital records is allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Frederick Lomberto’s Motion for Disclosure of Non-Privileged Hospital Records be ALLOWED and his Request for Subpoena to Issue be DENIED.

 Bishop requires that "if the complainant or the keeper of the target records refuses to produce them because of a statutory privilege, the judge shall decide whether the records are privileged, and in so doing shall reduce his or her decision, and the reasons therefor, to writing, with specific reference to the privilege or privileges claimed and found, if any (stage 1). On a finding of privilege, the defendant must demonstrate that the records are likely to be relevant. If the defendant meets this burden, the judge will review the records in camera (stage 2). The judge must then allow counsel access to the records he or she has determined are relevant for examination (stage 3). Finally, if after examination of the documents, the defendant makes a sufficient showing of need, the records may be disclosed to the trier of fact (stages 4 and 5).” Commonwealth v. Pelosi, 441 Mass. 257, 266 n.4 (2004) (internal citations and quotations omitted).

The standard of relevance applicable to the defendant’s right to obtain access to unprivileged records is less demanding than the standard of relevance applicable to records for which a privilege has been asserted and found to apply pursuant to Bishop. Commonwealth v. Pelosi, 441 Mass. 257, 262 (2004).

Specifically, the defendant must show “(1) that the documents are evidentiary and relevant: (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence: (3) that the party cannot properly prepare a trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial: and (4) that the application is made in good faith and is not intended as a general ‘fishing expedition.’ ” Commonwealth v. Lampron, 441 Mass. 265, 269 (2004), citing United States v. Nixon, 418 U.S. 683, 699-700 (1974).