Fremont-Smith, Thayer, J.
Defendants oppose plaintiffs motion to obtain the nursing home records of a non-party resident of the defendant Nursing Home who assaulted the plaintiff who was also a resident. Plaintiff contends that the records may lead to the discovery of evidence relevant to the nursing home’s awareness of the non-party’s propensity for violence and defendant’s failure to take adequate measures to safeguard persons who foreseeably could come into contact with her.
Defendants’ contention is twofold: (1) that plaintiff s request for confidential medical records is prohibited by both federal and state law and (2) that the requested records are “neither relevant or likely to lead to the discovery of admissible evidence.”

Disclosure Is Not prohibited by Federal and State Law

Defendants contend that both the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and Massachusetts law (940 C.M.R 4.08) prohibit the disclosure of the requested medical records. However, both HIPAA and 940 C.M.R 4.08[1] contain exceptions to the general prohibition against disclosure of medical records without a patient’s authorization, that permit disclosure of medical records as “required by law.”
HIPAA states, in relevant part, that “(a) covered entity may disclose protected health information in the course of any judicial or administrative proceeding.” 45 C.F.R §164.512(e). This provision stipulates that such disclosure is permitted in response to either (1) a court order or (2) a subpoena, discovery request, or other lawful process that is not accompanied by a court order. Therefore, if disclosure is ordered by a court pursuant to a judicial proceeding, such disclosure is permitted under HIPAA. 45 C.F.R §164.512(e)(l)(i).
Although our research has disclosed no case interpreting the phrase “as required by law” as used in 940 C.M.R. 4.08(12), Massachusetts courts have interpreted that phrase, as it appears in other Massachusetts laws, in at least one case to permit disclosure. The Supreme Judicial Court held that G.L.c. 147, §28, which, prior to its amendment had prohibited disclosure by a private investigator “except as his employer may direct, or as he may be required by law to do,” did not create a testimonial privilege. Attorney General v. Pelletier, 240 Mass. 264, 307 (1922), holding private investigators are required by law to provide information “concerning an issue under investigation in court” and that G.L.c. 147, §28 “was not intended to hamper the administration of justice.” Id.
*462 Accordingly, this Court finds that disclosure of the requested medical records in response to this Court’s order would not be prohibited by HIPAA and that, even if Massachusetts law controls (i.e. is not preempted by HIPAA) this Court’s order requiring the production of the nursing home records of the assailant in this case will comport with the “as required by law” exception in 940 C.M.R. §4.08(12).

Disclosure Will Not Exceed the Permissible Bounds of Discovery

Defendants argue that even if disclosure is permitted under HIPAA and Massachusetts law, such disclosure would exceed the permissible boundaries of discovery under M.R.C.P. Rule 26(b). However, it is logically clear that the assailant’s medical records are relevant to plaintiffs negligence claim as they are plainly likely to lead to admissible evidence regarding defendants’ knowledge of the assailant’s alleged propensity towards violence.
ORDER
Accordingly, plaintiffs motion is ALLOWED and such medical records shall be produced within fourteen days.
The records are to be kept confidential and shall be used only for purposes of this case.

This provides: “It shall be an unfair or deceptive act or practice, in violation of G.L.c. 93A, §2, for a licensee or an administrator: ... (12) to release a resident’s personal or medical record to any individual outside the facility without the prior written authorization of the resident or his/her legal representative except in case of his/her transfer to another health care institution or as required by law or third party contract.”