Fremont-Smith, Thayer, J.
This matter is before the Court on the defendants’ motion for reconsideration or clarification of the Court’s June 10, 2009, order [25 Mass. L. Rptr. 461] allowing the plaintiffs motion to obtain the medical records of a non-party nursing home resident (“Olivia”) who allegedly assaulted her. The Court ordered production of the medical records subject to the condition that the records be kept confidential and be used only for purposes of this case. The defendants produced the majority of the records at issue, but contend that a portion of the records are protected by the psychotherapist-patient privilege and the social worker-client privilege.[3] Upon reconsideration, the defendants’ motion is allowed, in part, as explained below.

DISCUSSION

I. Holder of the Privilege

The patient or client is the holder of both the psychotherapist-patient privilege and the social worker-client privilege. Commonwealth v. Oliveira, 438 Mass. 325, 330-32 (2002). Both privileges are created by statute. Id. at 330. The psychotherapist-patient privilege, G.L.c. 233, §20B, provides that “[i]n any court proceeding . . . a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient’s mental or emotional condition” (emphasis added). The social worker-client privilege, G.L.c. 112, §135B, similarly provides that “[i]n any court proceeding ... a client shall have the privilege of refusing to disclose and of preventing a witness from disclosing, any communication, wherever made, between said client and a social worker . . . relative to the diagnosis or treatment of the client’s mental or emotional condition” (emphasis added). Under both privileges, therefore, it is the patient or client that is afforded the opportunity to prevent the disclosure of covered communications.[4]
Neither of these privileges are self-executing. Oliveira, 438 Mass. at 330-31. Rather, the holder of the privilege must take affirmative action to prevent the disclosure of confidential communications. Id. “Absent an affirmative assertion of the privileges established by G.L.c. 233, §20B, and G.L.c. 112, §135B, the court must treat such records as if they were unprivileged.” Id. at 337.
The defendants, citing Oliveira, argue that they are entitled to assert the privilege on Olivia’s behalf. The fact that the psychotherapist or social worker may have standing to assert the privilege on the client’s behalf does not obviate the need for the client to affirmatively assert the privilege in the first instance. Specifically, the Court wrote, “Health care providers that maintain records as to which the patient may assert a privilege have standing to assert that privilege on behalf of a patient who wishes to do so.” Id. at 335-36 (emphasis added). In a footnote, the Court further explained, “Where the statutory privilege in question leaves it to the patient to affirmatively assert the privilege, even a provider’s assertion of that privilege may be treated as only a temporary precaution pending confirmation of the patient’s own intentions. See 8 J. Wigmore, Evidence §2386 (McNaughton rev. 1961) (although physician witness may initially decline to answer on ground of patient’s privilege, ‘still the claim of privilege must formally be made ... by the patient, if he is before the court, or by his attorney if he is not, then technically he should be given an opportunity to claim before the examination is proceeded with’).” Id. at 332 n.8. The Court reverberated this distinction two years later in Commonwealth v. Pelosi, 441 Mass. 257, 261 n.5 (2004): “There is a substantive difference between protecting records with respect to which a third party already has claimed a privilege and claiming a privilege on behalf of a third party. The ability to do the former neither requires nor suggests the ability to do the latter.”
There is no evidence before this Court that either Olivia or her legal representative invoked the psychotherapist-patient privilege or the social worker-client privilege. Cf. Commonwealth v. Kobrin, 395 Mass. 284, 285 (1985) (psychiatrist obtained “written invocations of the psychiatrist-patient privilege”). The defendants are not entitled to assert the privileges on behalf of one of their residents in order to preclude discovery of evidence in a lawsuit brought against them. Given the sensitive nature of conversations between a patient and her therapist, however, the Court will first afford Olivia the opportunity to assert the privilege before compelling production of records containing privileged communications. All other records, including those *320 identifying any diagnosis of Olivia, must be produced to the plaintiff per this Court’s prior order. See Adoption of Saul, 60 Mass.App.Ct. 546, 552-53 (2004) (privilege applies to communications relating to diagnosis or treatment, but not to the diagnosis itself).

II. Substance of the Communications

The Court cannot determine from the record before it that the communications at issue are privileged. The defendants’ mere assertion of the privileges, without any information upon which the privileges are based, is insufficient to establish that the communications are indeed privileged. For example, the Court requires “information necessary to determine whether the person to whom the communication was made qualifies as a psychotherapist [or social worker] under the statute.” Id. at 555. The defendants must also submit a privilege log that contains all of the information required by Mass.R.Civ.P. 26(b)(5). Specifically, the privilege log must include “the respective author(s) and sender(s) if different; the recipient(s); the date and type of document, written communication or thing not produced; and in general terms, the subject matter of the withheld information.”[5] Mass.R.Civ.P. 26(b)(5). Without the benefit of this information, the Court has no basis for assessing the communications and the applicability of the privileges at issue. See Board of Registration in Med. v. Hallmark Health Corp., 454 Mass. 498, 510 n. 10 (2009) (determination of privilege based on court ordered privilege log and information available in record).

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for reconsideration or clarification is ALLOWED, in part, as follows:
(1) All medical records not covered by either G.L.c. 233, §20B, or G.L.c. 112, §135B, shall immediately be produced to the plaintiff.
(2) The defendants shall have ten (10) days to submit evidence establishing that (1) Olivia or her legal representative has asserted her right to prevent disclosure of privileged communications and (2) the communications at issue fall within the scope of G.L.c. 233, §20B or G.L.c. 112, §135B. The defendants submission shall include a privilege log containing all of the information required by Mass.R.Civ.P. 26(b)(5).
(3) All medical records produced shall be kept confidential and shall be used only for purposes of this litigation.
(4) The plaintiff shall return all medical records, including any copies, at the conclusion of this litigation.

The defendants also contend that the Health Insurance Portability and Accountability Act (“HIPAA”) prohibits disclosure of the records. As the Court explained in its previous order, HIPAA permits disclosure, without the patient’s authorization, for use in judicial proceedings when expressly authorized by court order. 45 C.F.R. §164.512(e)(l)(i); see also id. §164.508(a)(1) (requiring authorization for disclosure “(e)xcept as otherwise permitted or required by [subchapter Cl”).

For purposes of the psychotherapist-patient privilege, “communications” is defined to include “conversations, correspondence, actions and occurrences relating to diagnosis or treatment before, during or after institutionalization, regardless of the patient’s awareness of such conversations, correspondence, actions and occurrences, and any records, memoranda or notes of the foregoing.” G.L.c. 233, §20B. For purposes of the social worker-client privilege, “communications” include “conversations, correspondence, actions and occurrences regardless of the client’s awareness of such conversations, correspondence, actions and occurrences and any records, memoranda or notes of the foregoing.” G.L.c. 112, §135.

The privilege log submitted by the defendants does not contain all of the information required by Rule 26, such as the author and subject matter of the communications.