## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2018, 7:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Paul D. Stucker
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General

Kelly A. Loy
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paul D. Stucker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 2, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1483<br><br>Appeal from the LaPorte Superior Court<br><br>The Honorable Richard R. Stalbrink, Jr., Judge<br><br>Trial Court Cause No.<br>46D02-1303-MR-84 |

**Vaidik, Chief Judge.**

# Case Summary

Thirty-five years ago, Paul D. Stucker murdered a fellow inmate while incarcerated for robbery. In a prison-disciplinary action, Stucker was sanctioned to segregation and a loss of his past and future good-time credit regarding his robbery sentence. In 2013, Stucker was charged with murdering the inmate. A jury found him guilty, and the trial court sentenced him to forty-five years. Stucker later filed a motion to correct erroneous sentence arguing that the trial court should have awarded him credit in the murder case for the time he spent in segregation and the good-time credit that he lost in the 1980s as a result of the prison-disciplinary action. The court denied his motion, and Stucker now appeals. Because the time Stucker served in the 1980s was credited toward his robbery sentence, he is not entitled to a second credit for that time in this case. We therefore affirm the trial court.

# Facts and Procedural History

In 1983, Stucker was serving a seven-year sentence for two counts of Class B felony robbery at the Indiana State Prison in Michigan City. Appellee's App. Vol. II p. 8 (PSI); *see also* Appellant's App. Vol. II p. 46 (the State arguing in its response to Stucker's motion to correct erroneous sentence that Stucker was sentenced to seven years on October 31, 1980).[1] On October 19, 1983, inmate

---

[1] At the hearing on the motion to correct erroneous sentence, Stucker argued that he was originally sentenced to seven years but that "the Court of Appeals remanded the sentencing, . . . and the judge gave me two tens

Johnny Hodge was set on fire inside his locked cell, killing him. Indiana Department of Correction officials investigated Stucker and two other inmates for Hodge's murder, and in January 1984 the DOC's Conduct Adjustment Board found that Stucker was "Guilty" of violating its disciplinary policy (specifically, "Code Number 100") and imposed the following sanctions regarding Stucker's robbery sentence: "Disciplinary Segregation" for three years, a demotion to Credit Class III (which earned no good-time credit), and a loss of 730 days of good-time credit time that he had previously earned. Appellant's App. Vol. II p. 31. However, due to inconsistencies in witness testimony, the State did not attempt to prosecute anyone for Hodge's murder at the time. *See Stucker v. State*, No. 46A05-1403-CR-117 (Ind. Ct. App. Feb. 9, 2015), *trans. denied*. Stucker was released from prison in 1988.

[3] The investigation into Hodge's death was later reopened, and in March 2013 the State charged Stucker with murder. A jury trial was held in February 2014, and Stucker was found guilty. The trial court sentenced Stucker to forty-five years. According to the sentencing order, the court found that Stucker was entitled to credit for 334 days he was confined awaiting trial and sentencing in 2013-14, along with 334 days of good-time credit. Appellant's App. Vol. II

---

and run them together." Tr. p. 6. For purposes of our opinion, it does not matter if Stucker's robbery sentence was seven or ten years.

p. 33.[2]  We affirmed Stucker's conviction and sentence on direct appeal. *Stucker*, No. 46A05-1403-CR-117.

[4]  In March 2018, over four years after he was sentenced for murder, Stucker filed a motion to correct erroneous sentence with several exhibits attached to it, including the sanctions he received in the 1984 prison-disciplinary action. Appellant's App. Vol. II pp. 37-38.  Specifically, Stucker argued that he was entitled to additional credit toward his murder sentence for (1) the three years he spent in segregation, (2) the loss of good-time credit resulting from his credit-class demotion, and (3) the loss of 730 days of good-time credit that he had previously earned.  According to Stucker, this amounted to an additional 2825 days.  *See* Tr. p. 6.  The trial court denied Stucker's motion to correct erroneous sentence.

[5]  Stucker, pro se, now appeals.

# Discussion and Decision

[6]  Stucker contends that the trial court erred by denying his motion to correct erroneous sentence.  A trial court can grant a motion to correct erroneous sentence only where an error is "clear from the face of the judgment imposing the sentence in light of the statutory authority."  *Robinson v. State*, 805 N.E.2d

---

[2] Because Stucker committed his offense before July 1, 2014, he was entitled to one day of good-time credit for each day that he was confined awaiting trial and sentencing.  Ind. Code § 35-50-6-3(a), (b).

783, 787 (Ind. 2004). "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

[7] Here, the sentencing order for Stucker's murder conviction provides that he was entitled to credit against his forty-five-year sentence for 334 days he was confined awaiting trial and sentencing and 334 days of good-time credit. In order to address Stucker's argument that he is entitled to additional credit toward his murder sentence for the sanctions he received in his robbery case, we would have to look beyond the face of the murder sentencing judgment to the thirty-five-year-old robbery case. As the State argues, the fact that Stucker himself attached several exhibits to his motion to correct erroneous sentence "demonstrates that his request for credit time required the trial court to go well outside the four corners of the sentencing order." Appellee's Br. p. 12.

[8] However, even if this issue was proper for a motion to correct erroneous sentence, Stucker would not be entitled to relief. Stucker claims that he is entitled to additional credit toward his murder sentence for 2825 days he served in the 1980s in his robbery case (about thirty years before he was officially charged with murder). But Stucker already received credit for this time—credit toward his seven-year robbery sentence. As the State points out, Stucker does not argue that his seven-year robbery sentence "was extended or that he remained incarcerated following the execution of that sentence." Appellee's Br. p. 15. As the trial court found, "[t]o award [Stucker] with time served under the separate sentence for this charge would undoubtedly award [him] double credit

time." Appellant's App. Vol. II p. 52. We agree with the trial court. *See Duncan v. State*, 412 N.E.2d 770, 775 (Ind. 1980) (holding that "credit will not be allowed for time served as a result of another separate charge"), *reh'g denied*. We therefore affirm the trial court's denial of Stucker's motion to correct erroneous sentence.

[9] Affirmed.

Riley, J., and Kirsch, J., concur.